# In the United States Court of Federal Claims

No.  13-581C
(Filed: September 12, 2014)

| | |
|---|---|
| OSVALDO AGUILAR and RENE GOMEZ-CAZARES, )))) | |
| Plaintiffs, )) | Immigration Bond; 8 C.F.R. § 103.6(c)(3); Bond Breach; Substantial Performance; Remand |
| v. )) | |
| THE UNITED STATES, )) | |
| Defendant. )))) | |

**ORDER**

This case is before the Court on cross motions for judgment on the administrative record. The plaintiff, Osvaldo Aguilar, seeks return of a $15,000 deposit on an immigration bond which the Department of Homeland Security, U.S. Immigration and Customs Enforcement ("ICE") has withheld, based on its determination that plaintiff breached the terms of the relevant bond agreement by failing to deliver a bonded alien (Rene Gomez) to ICE's Chicago District Office at a date and time specified by ICE.  Administrative Record ("AR") at 16.

The applicable regulation—8 C.F.R. § 103.6(c)(3)—provides that an obligor of a bond shall be released from liability when there has been "substantial" performance of all conditions imposed by the terms of the bond.  Similarly, 8 C.F.R. § 103.6(e) provides that a bond shall be considered breached whenever there has been a "substantial violation" of the stipulated conditions.  As the Seventh Circuit has held, the inclusion of a substantiality criterion in the regulation "requires some evaluation of such factors as the extent of the breach, whether it was

intentional or accidental on the part of the alien, whether it was in good faith and whether the alien took steps to make amends or to place himself in compliance." <u>Bahramizadeh v. U.S. Immigration and Naturalization Service</u>, 717 F.2d 1170, 1173 (7th Cir. 1983).

Aguilar contends that ICE's decision that he substantially violated the immigration bond was arbitrary, capricious, and not in accordance with law. <u>See</u> Amended Petition for Declaratory Relief (Am. Pet.) at ¶¶ 19-23; Pl.'s Mot. for J. on AR (Pl.'s MJAR) at 9. In his complaint and motion for judgment on the administrative record, Aguilar makes a series of factual allegations which he alleges demonstrate that any breach of the bond agreement "was accidental, was in good faith, and was quickly remedied." <u>Id.</u> at ¶ 28; Pl.'s MJAR at 9. Specifically, he contends that he did, in fact, appear with Mr. Gomez at the time and location specified in the ICE notice; that they presented the notice to appear to a security guard; that the security guard then escorted them to the basement and directed them to ring an intercom buzzer; and that, when they did so, there was no response. Am. Pet. at ¶ 26. While the government argues that these allegations, even if true, would not have changed the agency's determination regarding whether a breach occurred (Def.'s MJAR at 9-10), it acknowledges that information about these circumstances was apparently not before the agency when it found plaintiff in substantial violation of the bond agreement. Def.'s MJAR at 12.

Further, the administrative record provided to this Court is unclear as to the nature and result of communications between plaintiff's prior counsel and ICE after the breach determination was made. It appears from the record that ICE agreed to re-examine Mr. Aguilar's file upon the request of plaintiff's counsel. <u>See</u> AR at 21 (July 20, 2011 letter from plaintiff's counsel requesting information regarding whether the bond could be recovered) and AR 22 (undated ICE notes of interview of Rene Gomez regarding "Bond Breach," noting that ICE

officer "ordered file to look at bond breach").  But the administrative record does not indicate the disposition of the plaintiff's request for re-examination.

Given the uncertain state of the record and the allegations that plaintiff raises here for the first time, the Court has concluded (and the parties have agreed) that the appropriate action would be to remand this matter back to ICE to permit plaintiff to supplement the record and to allow ICE to issue a new determination based on a complete record.  See Albino v. United States, 93 Fed. Cl. 405, 409 (2010) ("To the extent that evidence may not have been—or, in fact, was not—considered below by the [administrative agency], the 'proper course ... is to remand to the agency for additional investigation or explanation.'") (quoting Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)); Riser v. United States, 93 Fed. Cl. 212, 217 (2010) (noting that it is "not appropriate for this court now to supplement the record with materials that were not available to the [administrative agency]"); 28 U.S.C. 1491(a)(2) (authorizing the court to "remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just").

Accordingly, the case is **REMANDED** to ICE for further proceedings consistent with this opinion.  The following schedule shall govern the remand proceedings:

1. Within 60 days of this order, on or before November 12, 2014, the plaintiff shall submit to ICE such evidence as he considers relevant concerning his entitlement to recover the $15,000 immigration bond .

2. ICE shall render a decision on remand on or before January 12, 2015, setting forth its findings and explaining its determination regarding plaintiff's entitlement to recover the immigration bond.

3.   The parties shall file a joint status report on or before January 26, 2015, proposing a plan

for further proceedings in this matter.

In the meantime, the cross motions for judgment on the administrative record are **DENIED** as

moot, and proceedings in this Court are **STAYED** pending the remand.


**IT IS SO ORDERED.**


  /s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge